COMMISSIONER ROCCO H. SALETTA, POLICE OFFICERS GEORGE L. DEBROWSKI, ARTHUR H. CONNOLLY, JR. AND PETER FRAONE, PETITIONERS-APPELLANTS, v. CIVIL SERVICE COMMISSION AND MORRIS C. IANNI, INDIVIDUALLY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 14, 1976—Decided January 20, 1977.

452

Before Judges LYNCH, MILMED and ANTELL.

Mr. *John R. Scott,* attorney for appellant Commissioner Rocco H. Saletta.

Mr. *Michael Critchley,* attorney for appellants George L. Debrowski, Arthur H. Connolly, Jr., and Peter Fraone.

Mr. *William F. Hyland,* Attorney General of New Jersey, attorney for respondent Civil Service Commission *(Ms.*

*Erminie L. Conley,* Deputy Attorney General, of counsel, *Mr. Arnold Lakind,* Deputy Attorney General, on the brief).

Per Curiam. This is an appeal from a final administrative determination of the Civil Service Commission refusing to revive an open competitive employment list for the position of police officer, Town of Belleville, and assigning appellants George L. Debrowski, Arthur H. Connolly, Jr. and Peter Fraone provisional status in that position "pending open competitive examination procedures."

The pertinent facts may be briefly summarized. On October 12, 1972 the Department of Civil Service promulgated an open competitive employment list for the position of police officer, Town of Belleville. This eligible list[1] included the names of appellants Debrowski, Connolly and Fraone and was due to expire on October 11, 1975. It appears that on August 29, 1975 appellant Commissioner Rocco H. Saletta, Director of the Belleville Department of Public Safety, wrote to the Department of Civil Service requesting "a new list" (certification) of eligibles.[2] The certification was furnished on September 9 and was due to expire in 30 days. On September 22 Saletta wrote to the Department "requesting an extension of two weeks on the Police Officer Certification list, due to expire on October 9th, 1975." An extension of the certification list to October 23 was approved. On October 24, one day after expiration of the new certification and 13 days after expiration of the eligible list which had been promulgated on October 12, 1972, the certification list, completed to show the appointment of Debrowski, Connolly and Fraone, was

---

[1] An "eligible list" is defined in *N. J. A. C.* 4:1–2.1 as meaning "a list of persons who are eligible for appointment or reemployment; and includes open competitive employment lists, promotional employment lists, regular and special reemployment lists."

[2] A "certification" is a list of persons, drawn from the appropriate eligible list, furnished by the Department of Civil Service to the particular appointing authority for appointment. See generally, *N. J. A. C.* 4:1–12.1.

submitted to the Department of Civil Service. It appears that each of the three had signed an "Oath of Office" on October 22. At the bottom of these oaths of office there appear the following dates under the heading "Date of Appointment": for Connolly and Fraone, "November 3, 1975," and for Debrowski, "November 17, 1975."

By letter of October 30, 1975 the Belleville Municipal Treasurer wrote to the Department of Civil Service calling attention to the November 3 and 17 dates of appointment listed on the oath of office forms and requesting to be advised "as soon as possible if the Department of Civil Service is approving the above appointments which are after the expiration date [of the eligible list] of October 11, 1975." Also on October 30, appellant Saletta wrote to the Department stating, in part, "I do not believe the starting date of the three policemen involved is of any consequence."

On November 10, 1975 representatives from the Town of Belleville met with representatives of the Department of Civil Service to discuss the validity of the three appointments. By letter of November 13, 1975 Commissioner Saletta was informed by the manager of the branch office of the Department of Civil Service, Local Government Services, that:

1. This office will disapprove the permanent appointments of Messrs. Fraone, Connolly, and Debrowski made from the above referenced certification because the eligible list expired on October 11, 1975, and their respective date of appointment and commencement of work were November 3, 1975 and November 17, 1975.
2. We shall consider these above mentioned eligibles serving provisionally in the title of Police Officer.

The Department of Public Safety of the Town of Belleville appealed to the Civil Service Commission. The matter was considered by the Commission at its March 16, 1976 meeting. Commissioner Saletta was thereafter informed that "[o]n the advice of counsel, the Civil Service Commission has directed that this [open competitive employment] list [for Police Officer — Belleville] *not* be revived," and that

therefore the Department of Civil Service "shall continue to consider Messrs. Debrowski, Connolly and Fraone as serving provisionally in the position of Police Officer pending open competitive examination procedures."

On this appeal, Debrowski, Connolly and Fraone contend that (1) the Civil Service Commission "should be estopped from denying that" they "were legally appointed to the permanent position as patrolmen with the Belleville Police Department," and (2) "officers Fraone and Connolly as de facto officers are entitled to permanent appointment." The town contends that "men who act in good faith and rely upon the appointing authorities should not be prejudiced because of a technicality."

The maximum life of the eligible list in this case was three years, and any appointment from that list made after the list expired on October 11, 1975 is invalid. *N. J. S. A.* 11:22–32; *N. J. A. C.* 4:1–12.16. The appointing authority could not make any valid appointment from an expired list, *N. J. S. A.* 11:21–1; 11:22–16. The Legislature has "fixed the outer time limit of a list because a stale list disserves both the employer units and the coemployees whose eligibility to compete accrues after an examination." *Marranca v. Harbo*, 41 *N. J.* 569, 572 (1964). An expired eligible list may be revived for the limited purpose of implementing the execution of a judgment favorable to a claimant resulting from a court action, or appeal before the Civil Service Commission, instituted before the expiration of the list. *N. J. S. A.* 11:22–33; 11:9–11; *N. J. A. C.* 4:1–11.7(a); *Marranca v. Harbo, supra,* 41 *N. J.* at 573–574. See also, *Gibson v. Civil Service Comm'n* (145 *N. J. Super.* 348 (App. Div. 1976)).

It follows from what we have said that the three appointments here, made after the eligible list had expired, are invalid. We are satisfied from our review of the record submitted on this appeal that each of the issues raised by appellants is clearly without merit. *R.* 2:11–3(e) (1) (E). The doctrine of estoppel cannot be invoked to extend the

outer time limit of the eligible list where the administrative agency lacked jurisdiction to do so. Any enlargement of that statutory time limit lies solely within the power of the Legislature. See *Midland Glass Co. v. N. J. Dept. Env. Protection,* 136 *N. J. Super.* 194, 198 (App. Div. 1975), certif. dismissed 70 *N. J.* 152 (1976). See also, *DeLarmi v. Fort Lee,* 132 *N. J. Super.* 501, 509–510 (App. Div. 1975), certif. den. 68 *N. J.* 135 (1975); *Keenan v. Essex Co. Bd. of Chosen Freeholders,* 106 *N. J. Super.* 312, 316 (App. Div. 1969); *Capibianco v. Civil Service Comm'n,* 60 *N. J. Super.* 307, 316 (App. Div. 1960). Additionally, we note that *N. J. S. A.* 40A:9–6, referred to by appellants Fraone and Connolly, makes no reference whatever to "tenure" for a *de facto* officer or employee.

The final determination of the Civil Service Commission under review is affirmed.